# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 26-60172
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2026

Lyle W. Cayce
Clerk

ADOLFO SANDOR MONTERO,

*Petitioner—Appellant*,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent—Appellee*.

―――――――――――――――――――――

Appeal from the Tax Court, Internal Revenue Service
Agency No. 7697-20

―――――――――――――――――――――

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Adolfo Sandor Montero, a petitioner proceeding *pro se*, appeals the decision of the tax court upholding a federal income tax deficiency for the taxable year 2016 and the Internal Revenue Service's imposition of a penalty under I.R.C. § 6673(a). Montero challenges the tax court's ruling on the grounds that his Dell employee salary is not taxable income, that the tax court

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 26-60172

failed to apply applicable precedent to his case, and that the court abused its discretion in imposing the penalty.

We have repeatedly rejected Montero's arguments concerning the taxability of his income. *See Montero v. Comm'r*, No. 26-60167, 2026 WL 1679030, at *1 (5th Cir. June 10, 2026) (on appeal concerning the taxable year 2020) (outlining Montero's numerous prior appeals wherein he raised the same challenges—that his salary from Dell is not taxable income); *Montero v. Comm'r*, No. 24-60190, 2024 WL 4491604, at *1 (5th Cir. Oct. 15, 2024) ("Adolfo Montero is no stranger to making frivolous arguments to avoid paying income tax."). Montero's arguments continue to be without merit. *See, e.g.*, *Montero*, No. 24-60190, at *1 n.1 (rejecting argument that income tax is an excise tax); *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute [petitioner's argument that he is not subject to income tax] with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.").

Despite the issuance of several warnings and the repeated imposition of sanctions for his frivolous arguments on appeal, Montero has not faltered in advancing them. *See Montero*, No. 26-60167, at *1. The tax court did not abuse its discretion in issuing its sanction. I.R.C. § 6673(a); *Stearman v. Comm'r*, 436 F.3d 533, 535, 537–38 (5th Cir. 2006).

AFFIRMED.

2